**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| STRAGENT, LLC, and SEESAW FOUNDATION<br><br>Plaintiffs,<br><br>v.<br><br>PIONEER ELECTRONICS (USA) INC., *et al.*<br><br>Defendants. | Civil Action No. 6:11-CV-278<br><br>JURY TRIAL DEMANDED |

**DEFENDANT HONDA OF AMERICA MFG., INC.'S ANSWER
AND COUNTERCLAIMS TO PLAINTIFF STRAGENT, LLC'S
AND PLAINTIFF SEESAW FOUNDATION'S COMPLAINT**

Defendant/Counterclaimant Honda of America Mfg., Inc. ("Honda"), by and through its undersigned counsel, hereby answers the Original Complaint for Patent Infringement ("Complaint") of Stragent, LLC and SeeSaw Foundation (collectively "Plaintiffs"), and counterclaims against Plaintiffs as follows:

**PARTIES**

1. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 1 and therefore denies the allegations.

2. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 2 and therefore denies the allegations.

3. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 3 and therefore denies the allegations.

4. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 4 and therefore denies the allegations.

5. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 5 and therefore denies the allegations.

6. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 6 and therefore denies the allegations.

7. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 7 and therefore denies the allegations.

8. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 8 and therefore denies the allegations.

9. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 9 and therefore denies the allegations.

10. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 10 and therefore denies the allegations.

11. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 11 and therefore denies the allegations.

12. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 12 and therefore denies the allegations.

13. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 13 and therefore denies the allegations.

14. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 14 and therefore denies the allegations.

15. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 15 and therefore denies the allegations.

16. Honda admits that Honda of America Mfg., Inc. is an Ohio corporation having its principal place of business in Marysville, Ohio. Except as expressly stated, Honda denies the remaining allegations in Paragraph 16.

17. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 17 and therefore denies the allegations.

18. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 18 and therefore denies the allegations.

19. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 19 and therefore denies the allegations.

20. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 20 as they relate to American Honda Motor Co. Inc. and Honda North America, Inc. Honda denies the remaining allegations in Paragraph 20.

21. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 21 and therefore denies the allegations.

22. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 22 and therefore denies the allegations.

23. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 23 and therefore denies the allegations.

24. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 24 and therefore denies the allegations.

25. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 25 and therefore denies the allegations.

26. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 26 and therefore denies the allegations.

27. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 27 and therefore denies the allegations.

28. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 28 and therefore denies the allegations.

29. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 29 and therefore denies the allegations.

30. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 30 and therefore denies the allegations.

31. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 31 and therefore denies the allegations.

32. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 32 and therefore denies the allegations.

33. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 33 and therefore denies the allegations.

34. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 34 and therefore denies the allegations.

35. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 35 and therefore denies the allegations.

36. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 36 and therefore denies the allegations.

37. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 37 and therefore denies the allegations.

## JURISDICTION AND VENUE

38. Honda admits that the present action purports to arise under the patent laws of the United States, and that subject matter in a patent case may be based on 28 U.S.C. §§ 1331 and 1338(a), but otherwise denies the remaining allegations in Paragraph 38.

39. Honda denies that venue is proper in this judicial district. Honda further denies that it has committed any acts of infringement within this judicial district or elsewhere. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 39 as they relate to the other defendants. Except as expressly stated, Honda denies the remaining allegations in Paragraph 39.

40. Honda denies that it has conducted or is conducting substantial business in this forum. Honda further denies that it is subject to this Court's specific and general personal jurisdiction. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 40 as they relate to the other defendants. Except as expressly stated, Honda denies the remaining allegations in Paragraph 40.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,953,599

41. Honda admits that U.S. Patent No. 7,953,599 (the "'599 patent") states on its front cover that it issued on May 31, 2011, and that the '599 patent is entitled "System, Method and Computer Program Product for Adding Voice Activation and Voice Control to a Media Player."

Honda lacks sufficient information or knowledge to either admit or deny the remaining allegations of Paragraph 41, and therefore denies them.

42. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 42 and therefore denies the allegations.

43. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 43 and therefore denies the allegations.

44. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 44 and therefore denies the allegations.

45. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 45 and therefore denies the allegations.

46. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 46 and therefore denies the allegations.

47. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 47 and therefore denies the allegations.

48. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 48 and therefore denies the allegations.

49. Denied.

50. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 50 and therefore denies the allegations.

51. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 51 and therefore denies the allegations.

52. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 52 and therefore denies the allegations.

53. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 53 and therefore denies the allegations.

54. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 54 and therefore denies the allegations.

55. Honda admits that "filing an action for infringement" constitutes notice under 35 U.S.C. 287(a). Honda denies the remaining allegations of Paragraph 55 to the extent they relate to Honda. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 55 as they relate to the other defendants.

56. Honda denies the allegations set forth in Paragraph 56 to the extent they relate to Honda. Honda lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 56 as they relate to the other defendants.

## PRAYER FOR RELIEF

57. Honda denies that Plaintiffs are entitled to any of the relief requested in Plaintiffs' Prayer for Relief as they relate to Honda. Honda lacks sufficient information or knowledge to form a belief as to the relief requested in Plaintiffs' Prayer for Relief, as they relate to the other defendants.

## AFFIRMATIVE DEFENSES

### (First Affirmative Defense)

58. The Complaint fails to state a claim upon which relief may be granted.

### (Second Affirmative Defense)

59. Each of the claims of the '599 patent is invalid for failure to meet the requirements for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**(Third Affirmative Defense)**

60. Honda does not, nor has it in the past, infringed, induced infringement, or contributed to the infringement of any claims of the '599 patent, either literally or under the doctrine of equivalents.

**(Fourth Affirmative Defense)**

61. The claims for relief in the Complaint are barred in whole or in part by the doctrine of laches, estoppel, or any other equitable doctrines.

**(Fifth Affirmative Defense)**

62. Honda reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses at law or equity that may be available now or may become available in the future based on any discovery or any other factual investigation.

**(Sixth Affirmative Defense)**

63. On information and belief, Plaintiffs lack standing to bring suit against Honda on the '599 patent.

**HONDA'S COUNTERCLAIMS AGAINST PLAINTIFFS FOR DECLARATORY JUDGMENT**

The Defendant/Counterclaimant, Honda of America Mfg., Inc. ("Honda"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, asserts the following counterclaims against Plaintiffs/Counterclaim Defendants, Stragent, LLC and SeeSaw Foundation (collectively "Counterclaim Defendants"), as follows:

**PARTIES**

1. Defendant/Counterclaimant Honda of America Mfg., Inc. is an Ohio corporation having its principal place of business in Marysville, Ohio.

2. Upon information and belief, Stragent, LLC is a Texas limited liability company having its principal place of business in Longview, Texas.

3. Upon information and belief, SeeSaw Foundation is a Texas non-profit corporation having its principal place of business in Longview, Texas.

### JURISDICTION AND VENUE

4. Honda counterclaims for a declaratory judgment that United States Patent No. 7,953,599 (the "'599 patent") is invalid and not infringed by any act of Honda. These counterclaims arise under the declaratory judgment provisions of 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. § 101, *et seq*.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). In addition, because there are now claims pending before this Court that involve substantially related questions of law and fact, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

6. Based on the foregoing allegations, and the filing of the present action, a justiciable controversy exists, and this Court has personal jurisdiction over the Counterclaim Defendants.

7. Venue is proper in this Court for these counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400, and the filing of the present action in this Court.

### COUNT I
**(Declaration of Non-Infringement of the '599 Patent)**

8. Honda incorporates by reference the allegations set forth in Paragraphs 1 through 7 of its Counterclaims.

9.  Honda does not, nor has it in the past, infringed, induced infringement, or contributed to the infringement of any claims of the '599 patent, either literally or under the doctrine of equivalents.

10. Honda seeks a declaration from this Court that it has not infringed and does not infringe any claim of the '599 patent.

## COUNT II
### (Declaration of Invalidity of the '599 Patent)

11. Honda incorporates by reference the allegations set forth in Paragraphs 1 through 10 of its Counterclaims.

12. Each of the claims of the '599 patent is invalid due to failure to comply with the requirements of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

13. Honda is entitled to a declaration from this Court that the '599 patent is invalid because it fails to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**WHEREFORE**, Honda respectfully requests that the Court:

(a) Declare that Honda does not infringe and has not infringed any of the claims of the '599 patent;

(b) Declare that each claim of the '599 patent is invalid because it fails to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112;

(c) Find that this is an exceptional case, pursuant to 35 U.S.C. § 285, and award Honda its reasonable attorneys' fees incurred in this action; and

(d) Grant such other and further relief as the Court deems just and appropriate.

## **JURY DEMAND**

Honda requests a jury trial on all issues so triable.

Dated: October 5, 2011

Respectfully submitted,

By: /s/ J. Thad Heartfield
John M. Caracappa (D.C. Bar No. 476543)
Paul Lall (D.C. Bar No. 982191)
William J. Barrow (D.C. Bar No. 989299)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902
jcaracappa@steptoe.com
plall@steptoe.com
wbarrow@steptoe.com

J. Thad Heartfield
Texas Bar No. 09346800
M. Dru Montgomery
Texas Bar No. 24010800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: 409-866-3318
Fax: 409-866-5789
thad@jth-law.com
dru@jth-law.com

*Attorneys for Defendant/Counterclaimant*
*Honda of America Mfg., Inc.*

## CERTIFICATE OF SERVICE

      The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 5th day of October, 2011. Any other counsel of record will be served by first class mail.

                                                                                /s/ J. Thad Heartfield
                                                                                J. Thad Heartfield