IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STRAGENT, LLC, et al., | § |
| | § |
| vs. | § |
| | §   CASE NO. 6:11cv278 LED-JDL |
| PIONEER ELECTRONICS (USA) INC., | § |
| et al. | § |

## ORDER

The above entitled and numbered civil action has been referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.  Judge Love's August 2, 2012 Order Denying Defendants'[1] request for an early claim construction/summary judgment hearing is presented for consideration (Doc. No. 290).  Defendants have filed a Motion for Reconsideration of the Court's Order Denying Request to File a Combined Motion for Summary Judgment and Claim Construction Brief (Doc. No. 297).  Plaintiffs have responded (Doc. No. 319).

Judge Love has a standing Order allowing a party to request an early claim construction/summary judgment hearing via letter brief.  The standing Order explains that the procedure was created "to decrease litigation costs for the parties."  Pursuant to this standing Order, Defendants filed a Letter Brief requesting an early claim construction hearing and leave to file a summary judgment motion of non-infringement.  *See* (Doc. No. 287).  Judge Love denied the request.  *See* (Doc. No. 290).

Defendants' Motion directly conflicts with the clear purpose of the Court's standing Order by creating unnecessary motion practice for not only Judge Love but also the undersigned.

---

[1] Moving Defendants are BMW of North America, LLC; Bayerische Motoren Werke AG; Chrysler Group LLC; Mercedes-Benz USA, LLC; and Mitsubishi Motors North America, Inc.

As a practical matter, the Court questions the wisdom of filing objections to an order denying a permissive claim construction hearing or a motion for summary judgment. The parties already have a *Markman* date in place. Further, if there is a legitimate dispute over whether a motion for summary judgment would even be arguably meritorious, the Court is unlikely to rule in the movant's favor if permission to file were granted. Defendants' Motion serves only to further burden the Court and Plaintiffs with needless motion practice. Further failure to abide by the clear intent of the Court's procedures may result in costs awarded to the non-moving party or other punitive measures.

Accordingly, the Court overrules all objections to Judge Love's August 2, 2012 Order (Doc. No. 290) and **DENIES** Defendants' Motion in its entirety (Doc. No. 297).

**So ORDERED and SIGNED this 1st day of October, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**