IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| STRAGENT, LLC, et al. | § § § | |
| *Plaintiffs*, | § § | Civil Action No. 6:11-CV-278-LED-JDL |
| v. | § § | JURY TRIAL DEMANDED |
| PIONEER ELECTRONICS (USA) INC., et al., | § § § | |
| *Defendants*. | § § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUR-REPLY BRIEF (DKT. NO. 359)**

Claim language should be construed in light of its surrounding context. *See, e.g.*, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (*en banc*) ("To begin with, the context in which a term is used in the asserted claim can be highly instructive."). With respect to the command phrase of claims 1 & 41 of the '599 patent, Plaintiffs Stragent, LLC and TAG Foundation have consistently argued that the context of specific claim language dictates the meaning of that language. *See* Pls.' Opening Claim Construction Br. at 11 (arguing that Defendants' proposed claim language regarding the command phrase ignores the context of the claims and citing case law that "and" may be used in the disjunctive depending on the context in which it is used). There is no indication in the intrinsic record that the word "and" has the singular, conjunctive meaning imposed upon it by Defendants. Rather, the disputed command phrase refers to "computer code for generating ***a corresponding command*** . . . based on ***the utterance*** . . . ***the corresponding command*** selected from a command set," which indicates that

only computer code for generating one command is required by that limitation. '599 patent, cls. 1 & 41. The additional language of the limitation—"the corresponding command selected from a command set including at least a play command, a pause command, a shuffle command, an artist command, a song command, and a playlist command"—requires that the command must be one of the listed types. That is, computer code for generating a corresponding play command (for the media player based on an utterance) would meet the limitation, while computer code for generating a repeat command would not. '599 patent, cls. 1 & 41.

In sur-reply, Defendants do not cite to any inconsistency between Plaintiffs' statements made to this Court and reexamination statements made to the USPTO regarding the command phrase. Instead, Defendants attempt to fabricate an inconsistency based on the patentee's statements regarding an entirely different claim limitation—the initializing phrases of claims 1 and 39. Dkt. No. 359 at 1–3. However, those statements are not inconsistent with Plaintiffs' arguments to the Court regarding the command phrase. *See* Dkt. 359-1 at 4–5 & 7–8 (the patentee's statements regarding the initializing phrases). A comparison of the specific language at issue is instructive:

| U.S. Patent No. 7,953,599 | **Initializing Phrase** | **Command Phrase** |
|---|---|---|
| **Claim 1** | "computer code for initializing a *plurality of program variables* stored in the memory, the program variables *including at least one of* artists, songs, *or* playlists" | "computer code for generating *a corresponding command* for the media player based on the utterance, the corresponding command selected from a command set *including at least* a play command, a pause command, a shuffle command, an artist command, a song command, *and* a playlist command" |
| **Claim 39** | "wherein the program variables *include* artists, songs, *and* playlists" | |

2

'599 patent, cls. 1 & 39 (emphasis added). As shown above, the context of the initializing phrase in claim 39, which refers to a plurality of program variables, is different from the context of the command phrase in claim 1, which refers to a corresponding command. The patentee's statements in reexamination—that all three types of program variables are required to meet the "initializing" limitation in claim 39—follow directly from the context of the claim language. Claim 39 depends from claim 1, which only requires computer code for initializing a plurality of program variables where at least one of the plurality is of a listed type of program variable. Claim 39 adds the further limitation that requires computer code for initializing a plurality of program variables that includes at least one of **all** three listed types of program variables. '599 patent, cls. 1 & 39. The patentee's statements are therefore consistent with Plaintiffs' position that claim language must be construed according to its context. That is, the '599 patent provides no basis for a hypergrammatical conjunctive versus disjunctive distinction absent an analysis of the context of the claim language at issue.[1]

Because it ignores the context of the disputed command phrase, Plaintiffs respectfully request that the Court reject Defendants' proposed construction for the command phrase and adopt Plaintiffs' proposed construction, which is consistent with the intrinsic record.

---

[1] In footnote 2 to their Sur-Reply, Defendants also try to fabricate some failure on the part of the patentee regarding disclosure of claim construction briefing to the USPTO. There has been no failure of the patentee's duty of candor and good faith in dealing with the USPTO. The USPTO is fully aware of the fact that the '599 patent is the subject of litigation, as evidenced by the statement of concurrent litigation provided by the patentee (Dkt. No. 359-1 at 3) and the USPTO's litigation search (*see* U.S. Pat. App. No. 90/012,232, January 28, 2012 Reexam Litigation Search Conducted (including the docket report for this case that listed both Plaintiffs' and Defendants' opening claim construction briefs). Moreover, as discussed above, Plaintiffs' arguments to this Court are not inconsistent with its statements to the USPTO.

Dated: February 27, 2013          Respectfully submitted,

*/s/ Danny L. Williams*
Danny L. Williams
Texas Bar No. 21518050
Christopher N. Cravey
Texas Bar No. 24034398
Matthew R. Rodgers
Texas Bar No. 24041802
David K. Wooten
Texas Bar No. 24033477
David Morehan
Texas Bar No. 24065790
Leisa Talbert Peschel
Texas Bar No. 24060414
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011
danny@wmalaw.com
cravey@wmalaw.com
mrodgers@wmalaw.com
dwooten@wmalaw.com
dmorehan@wmalaw.com
lpeschel@wmalaw.com

Eric M. Albritton
Texas Bar No. 00790215
Stephen E. Edwards
Texas Bar No. 00784008
Debra Coleman
Texas Bar No. 24059595
Michael A. Benefield
Texas Bar No. 24073408
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com
see@emafirm.com
drc@emafirm.com
mab@emafirm.com

***Attorneys for Stragent, LLC and TAG Foundation***

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 27th day of February, 2013.

                      /s/ Riny Pieternelle
                      Case Manager