IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STRAGENT, LLC, et al., § | |
| § | |
| vs. § | |
| § | CASE NO. 6:11cv278 LED-JDL |
| PIONEER ELECTRONICS (USA) INC., § | |
| et al. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants BMW of North America, LLC and Bayerische Motoren Werke AG's (collectively, "BMW") Motion to Sever and Transfer Venue Under 28 U.S.C. § 1404(a) (Doc. No. 310). The matter has been fully briefed (Doc. Nos. 368, 375 & 376). Upon consideration of the parties' arguments, the motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

Plaintiffs allege that Defendants infringe U.S. Patent No. 7,953,599 ("the '599 patent"), which is directed to a "Voice Control System functionality." MTN AT 2-3. BMW moves to sever and transfer the action to the Eastern District of Michigan, or alternatively, the District of New Jersey.[1] *Id.* at 1. The remaining Defendants—Mercedes-Benz USA, LLC and Chrysler Group, LLC—join in BMW's motion to sever, but not the motion to transfer. *Id.* at 1 n.1; RESPONSE AT 1.

BMW of North America, LLC ("BMW NA") is a Delaware company with headquarters in Woodcliff Lake, New Jersey. MTN AT 3. Bayerische Motoren Werke AG ("BMW AG") is a

---

[1] BMW filed its motion on August 24, 2012, after the deadline to file motions to transfer had passed, as dictated by the parties' Docket Control Order. On March 20, 2013, after the Court had held a claim construction hearing, BMW was granted leave to file its motion to transfer. It was not until the Court granted BMW's request for leave that Stragent responded to BMW's motion.

German company with a principal place of business in Munich, Germany. *Id.* BMW contends that the units accused of infringement are supplied by Harman International Industries, Inc., Harman Becker Automotive Systems, Inc., Harman Becker Automotive Systems, GmbH (collectively, "Harman"), Alpine Electronics of America, Inc., and/or Alpine Electronics GmbH (collectively, "Alpine"). *Id.* at 3. Harman and Alpine both have facilities in Germany, but their primary U.S.-based operations are in the Eastern District of Michigan and California, respectively. *Id.* Further, Alpine has an office in the Eastern District of Michigan. *Id.*

Plaintiff Stragent, LLC ("Stragent") is a Texas limited liability company with a principal place of business in Longview, Texas, within the Eastern District of Texas. RESPONSE AT 2. Three of Stragent's principals reside in Longview, where it also employs seven people who are involved in patent acquisition, licensing, and technology services. *Id.* Co-Plaintiff TAG Foundation ("TAG") is a non-profit corporation based in Texas. *Id.* at 3.

## LEGAL STANDARD

### I. Severance

Defendants may be joined in an action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). In the patent-infringement context, claims against independent defendants may not be joined under Rule 20 "unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." *In re EMC Corporation*, 677 F.3d 1351, 1359 (Fed. Cir. 2012).[2] That the

---

[2] The *In re EMC* court made clear that it was addressing the joinder requirements under Rule 20, not those codified by the AIA. *See In re EMC*, 677 F.3d at 1360 n.4. However, this Court finds that the *In re EMC* analysis of what constitutes a common transaction or occurrence for the purpose of Rule 20 is persuasive regarding interpretation of common transactions or occurrences under AIA as well.

accused products or processes of the defendants are similar is not enough. *Id.* Other relevant factors in considering whether joinder is proper include: (1) the temporal proximity of alleged infringement; (2) the relationship among defendants; (3) the use of common components in the accused products; (4) licensing or technology agreements between defendants; (5) shared development and manufacturing; and (6) whether the damages sought are based on lost profits. *Id.* at 1359–60. Misjoinder of a party is not a ground for dismissal of an action, but an improperly joined party may be dropped from the action or have the claims against them severed. FED. R. CIV. P. 21.

## II. Consolidation

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). In applying Rule 42, a court has considerable discretion. *In re EMC*, 677 F.3d at 1360; *see also Luera v. M/V Albeta*, 635 F.3d 181, 194 (5th Cir. 2011) ("Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'").

## III. Transfer

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the

case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer must show good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). To show good cause, the moving party must demonstrate the transferee venue is clearly more convenient. *Id.*

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)("*Volkswagen I*"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

## DISCUSSION

### I.     Severance

BMW asks that Plaintiffs' claims against BMW to be severed. MTN AT 5. Defendants Mercedes-Benz USA, LLC and Chrysler Group join in this portion of the motion. *Id.* at 1 n.1. Plaintiffs do not oppose severance for trial, but request that the Court consolidate the actions for pretrial purposes, except venue. RESPONSE AT 1. Because Stragent does not oppose severance, BMW's motion is **GRANTED** to the extent it addresses severance. Therefore, Defendants Mercedez-Benz USA, LLC and Chrysler Group, LLC shall be severed into separate causes of

action. Stragent and TAG shall pay the filing fee for these cases within ten days of this Order. The above-styled action, No. 6:11cv278, shall be re-styled as *Stragent, LLC, et al. v. BMW North America, LLC, et al.*

The Court further **ORDERS** the severed actions to be **CONSOLIDATED** with this action for all pretrial issues in order to permit efficient case management. Civil Action No. 6:11cv278 shall serve as the lead case for all consolidated issues. The individual cases will remain active for trial. All motions shall be filed in the lead case. *See generally Norman IP Holdings, LLC v. Lexmark Intern., Inc.*, No. 6:11cv495, 2012 WL 3307942 (E.D. Tex. Aug. 10, 2012).[3]

## II. Transfer

### a. The "Clearly More Convenient" Standard

While the Fifth Circuit does not independently consider the plaintiff's choice of forum as a "paramount consideration" or afford it "great" or "substantial" weight, "it is nonetheless taken into account as it places a significant burden on the movant to show good cause for transfer." *Volkswagen II*, 545 F.3d at 314 n.10; *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (noting that "the plaintiff's choice of venue corresponds to the burden that a moving party must meet in order to demonstrate that the transferee venue is a clearly more convenient venue"); *Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of N.A., Inc.*, No. 6:11cv34, slip op. at 5-7 (E.D. Tex. Apr. 19, 2012). Accordingly, a plaintiff's decision to file in this District "places a significant burden on [Defendants] to show good cause for transfer," a burden that this Court does not take lightly. *Volkswagen II*, 545 F.3d at 314 n.10;

---

[3] Because the deadline to file venue motions has passed, and because Mercedes and Chrysler have not joined in BMW's transfer motion, the Court does not anticipate that the parties will file any further transfer motions.

5

*Lake Cherokee Hard Drive Technologies, LLC v. Bass Computers, Inc.*, No. 2:10cv216, 2012 WL 462956, at *5 (E.D. Tex. Feb. 13, 2012).

### b. The Parties' Contentions

As stated above, BMW moves to transfer the action to the Eastern District of Michigan. BMW contends that the transferee venue is more convenient because the bulk of physical evidence is "presumably located in, or [is] accessible in" the Eastern District of Michigan where suppliers Harman and Alpine are located. MTN AT 9-10. Further, Harman and Alpine employees—third party witnesses in the matter—"are likely located within" the Eastern District of Michigan, while the inventors of the patent-in-suit are located in California. *Id.* at 4, 10. Thus, the transferee forum has usable subpoena power over the majority of relevant third party witnesses. *Id.* Moreover, BMW maintains that the public interest factors favor transfer. Specifically, the transferee venue disposes cases at a more rapid rate and BMW's suppliers are based in Michigan, generating a local interest in the matter. *Id.* at 14.

Alternatively, BMW argues that New Jersey is more convenient forum. BMW NA is headquartered in New Jersey. Further, it is more convenient for any potential witnesses from BMW AG in Germany, as well as Harman and Alpine employees, to travel to New Jersey than to the Eastern District of Texas. *Id.* at 15. Nevertheless, BMW acknowledges that the majority of relevant documents are likely located in the suppliers' Michigan offices. *Id.* at 14.

In addition, BMW attacks Plaintiffs' ties to the transferor forum, arguing that any relation to the Eastern District of Texas is manufactured for purposes of litigation. REPLY AT 1-2. Further, the relevance and materiality of any Texas witnesses Plaintiffs have identified are exaggerated; because claim construction has concluded, discovery has been ongoing for months, and deadlines as to certain issues have passed, the majority of Plaintiffs' witnesses are irrelevant.

6

*Id.* at 3. For example, witnesses with knowledge of Stragent's donation of the '599 patent to TAG, and any subsequent license agreements with TAG should not factor into the convenience analysis because the chain of ownership and licensing terms are not at issue in this case. *Id.* at 3.

Stragent responds that its ties to the transferor forum are genuine. Stragent currently employs seven people in Longview, Texas, and further, three of its five equity Members live and work in the Eastern District of Texas. RESPONSE AT 2-3. Stragent's employees include an accountant, technologists, and technicians who are involve in patent acquisition, patent licensing, and technology services. *Id.* at 2. In addition, Stragent argues that the private and public interest factors weigh against transfer. Stragent identifies a number of third party witnesses—prosecution counsel, inventors, and licensing counsel—who reside in California or Texas. *Id.* at 4. Further, all of Stragent's relevant documents are located in the Eastern District of Texas. *Id.* at 7. As for the public interest factors, Stragent contends that the difference between venues with regard to the rate of case disposition is negligible, and because Stragent is located in the Eastern District of Texas, the transferor venue has a local interest in the case. *Id.* at 11.

    **c. Private Interest Factors**

The threshold issue in a § 1404(a) analysis is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen I,* 371 F.3d at 203. In this case, Plaintiffs do not dispute that the case could have originally been filed in the Eastern District of Michigan or the District of New Jersey. As to the convenience factors, the Court finds that BMW has not met its burden of establishing that either of the requested transferee forums are "clearly more convenient."

>    *i.    Relative Ease of Access to Sources of Proof*

For this factor to favor transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof. To meet its burden, BMW must identify its sources of proof with some specificity such that the Court may determine whether transfer will increase the convenience of the parties. *See J2 Global Commc'ns, Inc. v. Proctus IP Solutions, Inc.*, No. 6:08cv211, 2009 WL 440525, at *2 (E.D. Tex. Feb. 20, 2009); *Invitrogen v. Gen. Elec. Co.*, No. 6:08cv113, 2009 WL 331889, at *3 (E.D. Tex. Feb. 9, 2009). (finding that general statements that relevant documents were located in either England or New Jersey "fail to show that transfer would make access to sources of proof either more or less convenient for the parties.").

BMW states that the bulk of documents in this case are in the possession of its suppliers, Harman and Alpine. While the U.S.-based arm of Harman is headquartered in Farmington Hills, Michigan, the remaining Harman entities are located in Connecticut and Germany. HARMAN DECL. AT 2, EX. 9, ATTACHED TO MTN; BMW DISCLOSURES AT 2, EX. 11, ATTACHED TO MTN. Further, BMW's other supplier, Alpine, merely has an office in Farmington Hills[4]; its U.S.-based operations are in California and its foreign operations are in Germany. ALPINE DECL. AT 2, EX. 8, ATTACHED TO MTN; BMW DISCLOSURES AT 3. Notably, the declarations provided by Harman and Alpine are void of any statements regarding relevant documents, i.e., what they may be, the subject matter addressed therein, or the location of such documents. In fact, BMW states that "documents and source code related to the accused technology are <u>presumably located in, or are accessible in</u>," the Eastern District of Michigan. MTN AT 10 (emphasis added). Thus, BMW has not affirmatively identified the types of documents possessed by its suppliers or even whether relevant documents are physically located in Michigan. *See Stragent v. Audi*, No. 6:10cv227,

---

[4] The Farmington Hills office provides technical support of its "original equipment manufacturer" customers. ALPINE DECL. AT 2. However, Alpine also has an office in McAllen, TX for "arranging delivery of products to customers." *Id.*

2011 WL 2912907, at *5 (E.D. Tex. July 18, 2011) (distinguishing between the ability to access documents from the transferee venue and the physical location of relevant documents) (citing *In re T.S. Tech USA Corp.*, 551 F.3d 1315, 1320-21 (Fed. Cir. 2008)).

Moreover, BMW does not indicate that it has relevant documents in its possession; it acknowledges that the bulk of relevant documents are in possession of its suppliers. BMW further points out that prosecution documents, as well as evidence relating to VoiceDemand, the original assignee of the '599 patent, are located in California. MTN AT 10. Therefore, while the bulk of relevant documents may be in possession of BMW's suppliers in Michigan, California, and Germany, without specific identification of the types of documents that are in the possession of BMW's suppliers,[5] as well as evidence of where the documents are physically located, the Court is reluctant to assess the convenience of the parties with regard to the ease of access to sources of proof.[6] The Court finds the evidence presented is insufficient to determine that the relevant sources of proof weigh in favor of transfer. Accordingly, the Court finds this factor does not favor transfer.[7]

### ii. The Availability of the Compulsory Process

This factor weighs heavily for transfer if the majority of non-party witnesses are located within a requested transferee venue. *See Volkswagen II*, 545 F.3d at 316; *see also In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (stating the venue where potentially relevant witnesses are located weighs in favor of that venue). As stated above, BMW notes that

---

[5] BMW notes that because discovery has been ongoing for months and claim construction has concluded, the Court can determine which of Plaintiffs' witnesses are relevant to the issues that remain in the case. REPLY AT 3. By the same logic, BMW should have been able to identify the particular documents in possession of its suppliers that are relevant to the litigation at hand, in addition to where such documents are physically located.

[6] Similarly, BMW does not identify specific documents in New Jersey, merely pointing out that BMW NA's corporate headquarters are in New Jersey. MTN AT 14-15.

[7] A comparative analysis as to the location of Plaintiffs' documents is unnecessary given that BMW has failed to meet its burden to show that the transferee forums are clearly more convenient for parties to access sources of proof. *See Cell and Network Selection, LLC v. AT&T Mobility LLC*, No. 6:11cv706, slip op. at 7 and 7 n.3 (E.D. Tex. April 29, 2013).

9

relevant third-party witnesses with knowledge about the "head units" used in BMW's accused products are employed by suppliers Harman and Alpine. However, just as BMW has failed to identify particular documents located in either of the requested transferee forums, BMW has failed to identify specific third-party witnesses in the Eastern District of Michigan or New Jersey.[8] Therefore, the Court declines to give weight to Harman or Alpine witnesses in this matter. *See Ivera Med. Corp. v. Hospira, Inc.*, No. 6:10cv545, 2011 WL 1882277 at *2 (E.D. Tex. May 17, 2011) (giving no weight to unidentified witnesses); *NovelPoint Learning v. LeapFrog Enter.*, No. 6:10cv229, 2010 WL 5068146, at *6 (E.D. Tex. Dec. 6, 2010) (same); *Norman IP Holdings, LLC v. Casio Computer Co., Ltd.*, No. 6:09cv270, 2010 WL 4238879, at *4-5 (E.D. Tex. Oct. 27, 2010) (same).

BMW has, however, stated that the three named inventors of the '599 patent are located in California—Mark Greene, Michael Hegarty, and Dermot Cantwell. STRAGENT DISCLOSURES AT 5-6, EX. 14, ATTACHED TO MTN. In contrast, BMW acknowledges that Patrick Caldwell, prosecution counsel for the patent-in-suit, is subject to compulsory process in this District. MTN AT 10-11.

In addition to Mr. Caldwell, Plaintiffs identify six third-party witnesses in Texas: Scott Stevens, J. Michael Wylie, Tara Aevermann Potts, R. Bradley Fletcher, Farley Katz, and James Etheridge. RESPONSE AT 4; STRAGENT DISCLOSURES AT 6. Mr. Fletcher, Mr. Katz, and Mr. Etheridge are former TAG counsel responsible for negotiating and evaluating the terms of the Stragent license. RESPONSE AT 4. Mr. Stevens, Mr. Wylie, and Ms. Aevermann Potts represented Stragent during the licensing negotiations. *Id.* While it is unclear whether

---

[8] BMW does not identify any witnesses in New Jersey. MTN AT 15.

compulsory process is available for five of the identified Texas witnesses, Plaintiffs represent that Mr. Stevens lives in Longview, Texas, which is in the transferor forum.[9]

Consequently, Plaintiffs have identified two third-party witnesses in Texas —Stevens and Caldwell—over whom the Eastern District of Texas may exercise subpoena power. BMW has not specifically identified any witnesses in the Eastern District of Michigan or the District of New Jersey. Therefore, this factor weighs against transfer.

### iii. The Cost of Attendance for Willing Witnesses

In analyzing this factor, all parties and witnesses must be considered. *Volkswagen I*, 371 F.3d at 204. "Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *Volkswagen I* a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *TS Tech*, 551 F.3d at 1320 (citations omitted).

BMW fails to specifically identify BMW employees with relevant knowledge or Harman or Alpine employees knowledgeable about the head units incorporated into the accused products. Rather, they generally point out that Harman and Alpine employees are in Michigan and that BMW's North American headquarters are in New Jersey. The Court has already determined that these witnesses will not be considered in the convenience analysis.

BMW further notes that it would be more convenient for BMW AG witnesses from Germany to travel to New Jersey than Tyler, Texas. However, BMW has again failed to identify any specific BMW AG witnesses. Therefore, the Court will not take into account the

---

[9] Even if TAG and Stragent's counsel were to be disregarded, the availability of compulsory process would not favor transfer because there is at least one witness identified in this District—Mr. Caldwell—while no specific third-party witnesses have been identified as residing or working in the transferee forums.

convenience of these witnesses. Further, these witnesses will have to travel a great distance, regardless of the forum. *See In re Genentech, Inc.,* 566 F.3d 1338, 1344 (Fed. Cir. 2009) (discounting European witnesses in the convenience analysis when reviewing a denial of transfer from Texas to California); *see also Wellogix Technology Licensing LLC v. Automatic Data Processing, Inc.*, No. 6:11-cv-401 2013 WL 1729606, at *5 (E.D. Tex. Mar. 19, 2013) ("[b]ecause any documents and witnesses located abroad will have to travel 'a significant distance no matter where they testify,' the inconvenience of transporting such documents or the inconvenience of any foreign witnesses will be discounted.").

BMW does acknowledge that for those witnesses in California, e.g., the inventors, it would be more convenient to travel to Texas than Michigan. MTN AT 11. Therefore, for these witnesses, in addition to Mr. Caldwell of Dallas, mentioned above, the transferor forum is more convenient.

### d. Public Interest Factors

The public interest factors are neutral. There are no conflicts of law issues to avoid and all venues are familiar with the patent laws. Further, New Jersey and Texas both have a local interest in the outcome of the litigation; BMW is headquartered in New Jersey and Plaintiffs are located in the Eastern District of Texas.[10] Although BMW attacks Plaintiffs' ties to the forum, the Court will give some weight to Stragent's ties to the Eastern District of Texas.[11] The record before the Court reflects that Stragent has both employees and principals who reside in the transferor forum. Further, Stragent is a Texas limited liability company that has operated in the

---

[10] Even if the Court were to conclude that the Eastern District of Michigan had a local interest in the case due to the presence of BMW's suppliers in the forum, it is important to note that none of the parties to this litigation have ties to Michigan.

[11] However, even if the Court were to ignore Plaintiffs' presence in the Eastern District of Texas, it would not affect the outcome of the convenience analysis. BMW has failed to meet its burden to show that the overall balance of the convenience factors favors transfer. Attacking Plaintiffs' ties to the forum does not discharge BMW's burden to show that transfer is clearly more convenient. *See In re Apple Inc.*, 456 Fed. Appx. 907, 909 (Fed. Cir. 2012).

Eastern District of Texas since October 2007. Moreover, TAG is a non-profit corporation in operation in Texas since 2010. Therefore, the Eastern District of Texas has a local interest in the outcome of the litigation. *NovelPoint*, 2010 WL 5068146, at *6-7 (giving weight to plaintiff's ties to the forum when (1) it employs people in the transferor forum; (2) has principals residing in the transferor forum; or (3) conducts research and development in the transferor forum); *see also Stragent*, 2011 WL 2912907, at *8.[12]

Finally, the administrative difficulties caused by court congestion are also neutral. Although BMW cites statistics stating that the Eastern District of Michigan is faster to trial, the difference of six months is negligible considering that this factor is the most speculative. *See Genentech*, 566 F.3d at 1347. Moreover, the median time to dispose of cases is about the same for both the Eastern District of Michigan (8.4 months) and Texas (8.6 months).[13] MTN AT 14. Thus, this factor is neutral.

## CONCLUSION

In sum, BMW has failed to show that transfer would be clearly more convenient. On balance, the evidence presented indicates that the availability of compulsory process and the cost of attendance for willing witnesses weigh against transfer. BMW did not specifically identify any relevant Harman or Alpine witnesses for whom the Eastern District of Michigan would be more convenient. Further, BMW has not particularly identified any party witnesses for whom

---

[12] It is worth noting that while this Court has conducted extensive analysis on the recent and ephemeral nature of non-practicing entities filing suit in this District, and the weight to be given to such entities' contacts with the District, *see, e.g., NovelPoint*, 2010 WL 5068146, at *5, at least one court in the Third Circuit has declined to engage in that analysis. *See Cradle IP, LLC v. Texas Instruments Inc.*, No. 1:11-cv-1254, --- F. Supp. 2d ----, 2013 WL 548454, at *4 (D. Del. Feb. 13, 2013) ("[t]he court declines to treat such non-practicing entities as anything less than holders of constitutionally protected property rights, those rights having been legitimized by the Patent & Trademark Office. Therefore, the fact that a plaintiff is characterized as a 'litigation vehicle' does not detract from the weight accorded a plaintiff's choice of forum.").

[13] While the Court has made a finding that the speed to trial is neutral under the circumstances, the Court notes that "the parties' reliance on general civil statistics provides the Court with little guidance as to the speed with which patent cases reach trial." *U.S. Ethernet Innovations, LLC v. Samsung Elecs. Co., Ltd.*, No. 6:12cv398, 2013 WL 1363613, at *5 (E.D. Tex. April 2, 2013) (citing *West Coast Trends, Inc. v. Ogio Int'l, Inc.*, No 6:10cv688, 2011 WL 5117850, at *4 (E.D. Tex. Oct. 27, 2011)).

the District of New Jersey would be more convenient. Nor has BMW stated what types of documents, if any, are located in the respective transferee forums. Ultimately, BMW has not met its burden to show that either the Eastern District of Michigan or the District of New Jersey are more convenient forums. Therefore, BMW's request for transfer is denied.

However, BMW's motion is granted to the extent it addresses severance. Defendants Mercedez-Benz USA, LLC and Chrysler Group, LLC shall be severed into separate causes of action. Stragent and TAG shall pay the filing fee for these cases within ten days of this Order. The above-styled action, No. 6:11cv278, shall be re-styled as *Stragent, LLC, et al. v. BMW North America, LLC, et al.*

The Court further **ORDERS** the severed actions to be **CONSOLIDATED** for all pretrial issues in order to permit efficient case management. Civil Action No. 6:11cv278 shall serve as the lead case for all consolidated issues. The individual cases will remain active for trial and all motions shall be filed in the lead case.

Accordingly, BMW's Motion to Sever and Transfer Venue Under § 1404(a) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**So ORDERED and SIGNED this 8th day of May, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE