**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| STRAGENT, LLC and SEESAW FOUNDATION<br><br>　　Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,  *et al*.,<br><br>　　Defendants. | C.A. No. 6:11-CV-278-LED-JDL<br><br>**DEMAND FOR JURY TRIAL** |

**BMW OF NORTH AMERICA, LLC'S AND BAYERISHCE MOTOREN WERKE AG'S AMENDED ANSWER TO PLAINTIFFS STRAGENT, LLC AND TAG FOUNDATION'S COMPLAINT FOR PATENT INFRINGEMENT AND BMW OF NORTH AMERICA, LLC'S COUNTERCLAIMS**

Defendants BMW of North America, LLC ("BMW NA") and Bayerische Motoren Werke AG ("BMW AG") (collectively, "BMW")  herby submit a first amended answer to the Complaint for Patent Infringement ("Complaint") filed by Plaintiffs, Stragent, LLC and SeeSaw Foundation (now "TAG Foundation") (collectively "Stragent"), on May 31, 2011.

**PARTIES**

1.　　**Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and, therefore, denies each of the allegations.

2.　　**Plaintiff SeeSaw is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization  described in Internal  Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to SeeSaw, Inc. (doing business as SeeSaw Children's Place), a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal  place of business in Longview, Texas.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 2 of the Complaint and, therefore, denies each of the allegations.

3.     **On information and belief, Defendant  Pioneer Electronics (USA) Inc. is a Delaware corporation having its principal place of business in Long Beach, California.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 3 of the Complaint and, therefore, denies each of the allegations.

4.     **On information and belief, Defendant Pioneer North America, Inc. is a Delaware corporation having its principal place of business in Long Beach, California.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 4 of the Complaint and, therefore, denies each of the allegations.

5.     **On information and belief, Defendant Pioneer Corporation is a Japanese corporation having its principal place of business in Tokyo, Japan.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 5 of the Complaint and, therefore, denies each of the allegations.

6.     **On information and belief, Defendants Pioneer Electronics (USA) Inc. and Pioneer North America, Inc. are each wholly owned subsidiaries (directly or indirectly) of Defendant Pioneer Corporation.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 6 of the Complaint and, therefore, denies each of the allegations.

7.     **On information and belief, Defendant Volkswagen Group of America, Inc. (aka Audi of America, Inc.) is a New Jersey corporation having its principal place of business in Herndon, Virginia.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 7 of the Complaint and, therefore, denies each of the allegations.

**8.      On information and belief, Defendant Volkswagen AG is a German stock company having its principal place of business in Wolfsburg, Germany.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 8 of the Complaint and, therefore, denies each of the allegations.

**9.      On information and belief, Defendant Volkswagen Group of America, Inc. is a wholly owned subsidiary of Defendant Volkswagen AG.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 9 of the Complaint and, therefore, denies each of the allegations.

**10.     On information and belief, Defendant Audi AG is a German stock company having its principal place of business in Ingolstadt, Germany.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 10 of the Complaint and, therefore, denies each of the allegations.

**11.     On information and belief, Defendant Audi AG is a 99.55%-owned subsidiary of Defendant Volkswagen AG.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 11 of the Complaint and, therefore, denies each of the allegations.

**12.     On information and belief, Defendant BMW of North America, LLC is a Delaware limited liability company having its principal place of business in Woodcliff Lake, New Jersey.**

**ANSWER:** BMW admits that BMW of North America, LLC is a Delaware limited liability

company, and BMW further admits that BMW of North America, LLC has its principal place of

business located in Woodcliff Lake, NJ.

**13.     On information and belief, Defendant Bayerische Motoren Werke AG is a German stock company having its principal place of business in Munich, Germany.**

**ANSWER:** BMW admits that Bayerische Motoren Werke AG is a German stock company

having its principal place of business in Munich, Germany.

**14.     On information and belief, Defendant BMW of North America, LLC is a wholly owned subsidiary of BMW (US) Holding Corp., which is a wholly owned subsidiary of Defendant Bayerische Motoren Werke AG.**

**ANSWER:** BMW admits that BMW of North America, LLC is a wholly owned subsidiary of

BMW (US) Holding Corp., which is a wholly owned subsidiary of Bayerische Motoren Werke

AG.

**15.     On information and belief, Defendant Chrysler is a Delaware limited liability company having its principal place of business in Auburn Hills, Michigan.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 15 of the Complaint and, therefore, denies each of the allegations.

**16.     On information and belief, Defendant Honda of America Mfg., Inc. is an Ohio corporation having its principal place of business in Marysville, Ohio.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 16 of the Complaint and, therefore, denies each of the allegations.

**17.     On information and belief, Defendant American Honda Motor Co. Inc. is a California corporation having its principal place of business in Torrance, California.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 17 of the Complaint and, therefore, denies each of the allegations.

**18.     On information and belief, Defendant Honda North America, Inc. is a California corporation having its principal place of business in Torrance, California.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 18 of the Complaint and, therefore, denies each of the allegations.

**19.    On information and belief, Defendant Honda Motor Company, Ltd. is a Japanese corporation having its principal place of business in Tokyo, Japan.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 19 of the Complaint and, therefore, denies each of the allegations.

**20.    On information and belief, Defendants Honda of America Mfg., Inc., American Honda Motor Co. Inc., and Honda North America, Inc. are each wholly owned subsidiaries of Defendant Honda Motor Company, Ltd.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 20 of the Complaint and, therefore, denies each of the allegations.

**21.    On information and belief, Defendant Mercedes-Benz USA, LLC is a Delaware limited liability company having its principal place of business in Montvale, New Jersey.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 21 of the Complaint and, therefore, denies each of the allegations.

**22.    On information and belief, Defendant Daimler AG is a German stock company having its principal place of business in Stuttgart, Germany.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 22 of the Complaint and, therefore, denies each of the allegations.

**23.    On information and belief, Defendant Mercedes-Benz USA, LLC is a wholly owned subsidiary of Daimler North America Corp., which is a wholly owned subsidiary of Defendant Daimler AG.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 23 of the Complaint and, therefore, denies each of the allegations.

**24.    On information and belief, Defendant Mitsubishi Motors North America, Inc. is a California corporation having its principal place of business in Cypress, California.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 24 of the Complaint and, therefore, denies each of the allegations.

**25.**     **On information and belief, Defendant Mitsubishi Motors Corporation is a Japanese corporation having its principal place of business in Tokyo, Japan.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 25 of the Complaint and, therefore, denies each of the allegations.

**26.**     **On information and belief, Defendant Mitsubishi Motors North America, Inc. is a wholly owned subsidiary of Defendant Mitsubishi Motors Corporation.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 26 of the Complaint and, therefore, denies each of the allegations.

**27.**     **On information and belief, Defendant Nissan North America, Inc. is a California corporation having its principal place of business in Franklin, Tennessee.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 27 of the Complaint and, therefore, denies each of the allegations.

**28.**     **On information and belief, Defendant Nissan Motor Co., Ltd. is a Japanese corporation having its principal place of business in Kanagawa, Japan.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 28 of the Complaint and, therefore, denies each of the allegations.

**29.**     **On information and belief, Defendant Nissan North America, Inc. is a wholly owned subsidiary of Defendant Nissan Motor Co., Ltd.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 29 of the Complaint and, therefore, denies each of the allegations.

**30.**     **On information and belief, Defendant Porsche Cars North America, Inc. is a Delaware corporation having its principal place of business in Atlanta, Georgia.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 30 of the Complaint and, therefore, denies each of the allegations.

31.     **On information and belief, Defendant Dr. Ing. hc. F. Porsche AG is a German stock company having its principal place of business in Stuttgart, Germany.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 31 of the Complaint and, therefore, denies each of the allegations.

32.     **On information and belief, Defendant Dr. Ing. hc. F. Porsche AG indirectly owns the stock of Defendant Porsche Cars North America, Inc.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 32 of the Complaint and, therefore, denies each of the allegations.

33.     **On information and belief, Defendant Toyota Motor North America, Inc. is a California corporation having its principal place of business in New York, New York.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 33 of the Complaint and, therefore, denies each of the allegations.

34.     **On information and belief, Defendant Toyota Motor Sales, U.S.A., Inc. is a California corporation having its principal place of business in Torrance, California.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 34 of the Complaint and, therefore, denies each of the allegations.

35.     **On information and belief, Defendant Toyota Motor Engineering & Manufacturing North America, Inc. is a Kentucky corporation having its principal place of business in Erlanger, Kentucky.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 35 of the Complaint and, therefore, denies each of the allegations.

36.     **On information and belief, Defendant Toyota Motor Corporation is a Japanese corporation having its principal place of business in Toyota City, Japan.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 36 of the Complaint and, therefore, denies each of the allegations.

37.     **On information and belief, Defendants Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. are each wholly owned subsidiaries of Defendant Toyota Motor Corporation.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 37 of the Complaint and, therefore, denies each of the allegations.

## JURISDICTION AND VENUE

38.     **This action arises under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).**

**ANSWER:** BMW admits that Stragent has filed an action for alleged patent infringement, but

BMW specifically denies any alleged infringement.  The allegation of jurisdiction in Paragraph

38 of the Complaint constitutes a legal conclusion that requires no response.

39.     **On information and belief, each Defendant has transacted business in this district and has committed acts of patent infringement in this district.  Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).**

**ANSWER:** BMW specifically denies any act of infringement in this, or any other, district.

Nevertheless, BMW denies that BMW AG has transacted business in this district, but BMW

admits that BMW NA has transacted business in this district by distributing automobiles to

dealers, although BMW denies that this district is the most appropriate or convenient for this

case.  For the purposes of this action only, BMW admits that venue is minimally proper for

BMW in this judicial district.  BMW lacks sufficient knowledge to admit or deny the allegations

of Paragraph 39 of the Complaint as they pertain to the other Defendants and, on that basis,

denies each such allegation. BMW is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 39 of the Complaint and therefore,

denies each of the remaining allegations.

40.     **On information and belief, each Defendant has conducted and does conduct substantial business in this forum, directly or through intermediaries, such substantial business including but not limited to:  (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.  Thus, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute.**

**ANSWER:** BMW specifically denies any act of infringement in this, or any other, forum.

Nevertheless, BMW denies that BMW AG has conducted and does conduct business in this

forum, but BMW admits that BMW NA has conducted and does conduct business in this forum

by distributing automobiles to dealers.  For the purposes of this action only, BMW admits that

jurisdiction is minimally proper for BMW in this judicial district. BMW lacks sufficient

knowledge to admit or deny the allegations of Paragraph 40 of the Complaint as they pertain to

the other Defendants and, on that basis, denies each such allegation.  BMW is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 40 of the Complaint and therefore, denies each of the remaining allegations.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,953,599

41.     **Plaintiff SeeSaw is the owner by assignment of United States Patent No. 7,953,599 ("the '599 patent") entitled "System, Method and Computer Program Product for Adding Voice Activation and Voice Control to a Media Player."  The '599 patent**

**was duly and legally issued on May 31, 2011.  A true and correct copy of the '599 patent is attached as Exhibit A.**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff SeeSaw (now, "TAG") is the owner by assignment of U.S. Patent No. 7,953,599 (the "'599 patent).  Instead, BMW admits that, as indicated by a copy of the '599 patent obtained from the United States Patent and Trademark Office's ("USPTO") website, the '599 patent is assigned to Stragent, not SeeSaw.  BMW further admits that the title of the '599 patent, as indicated by a copy of the '599 patent obtained from the USPTO's website, is "System, Method and Computer Program Product for Adding Voice Activation and Voice Control to a Media Player."  BMW is without knowledge or information sufficient to form a belief that the '599 patent was duly and legally issued on May 31, 2011.  Nevertheless, BMW admits that the issue date of the face of the '599 patent, as indicated by a copy of the '599 patent obtained from the USPTO's website, is May 31, 2011.  BMW is without knowledge or information sufficient to form a belief as to the truth of the allegation that the copy of the '599 patent included as Exhibit A of the Complaint is a true and correct copy of the '599 patent and, on that basis, denies the allegation.  BMW is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 of the Complaint and, therefore, denies each of the remaining allegations.

42.   **Plaintiff Stragent is the exclusive licensee of the '599 patent, having an exclusive, worldwide, transferable license ("the License") under the '599 patent, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Stragent has full right to enforce and/or sublicense the '599 patent without any restriction,  subject to certain encumbrances.  Stragent further has the exclusive right under the License to maintain,  enforce, or defend the '599 patent, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the '599**

10

patent and pursuing and entering into any settlement related to a claim of infringement.

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and, therefore, denies each of the allegations.

43.     On information and belief, Defendant Pioneer has been and now is directly infringing the '599 patent in the State of Texas,  in this judicial district, and elsewhere in the United States.  Pioneer's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least navigation AV receivers, including without limitation its AVIC-F900BT and AVIC-F700BT in-dash navigation AV receivers, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Pioneer that infringes one or more claims of the '599 patent.  Pioneer is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and, therefore, denies each of the allegations.

44.     On information and belief, at least since the filing of this Complaint, Defendant Pioneer has been and now is actively inducing infringement of the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Pioneer's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing automobile manufacturers and/or owners to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, automobiles that implement at least Pioneer's AVIC-F900BT and AVIC-F700BT in-dash navigation AV receivers, which automobiles Pioneer knows (or is willfully blind to knowing) infringe one or more claims of the '599 patent. Pioneer is thus liable for inducing infringement of the '599 patent pursuant to 35 U.S.C. § 271(b).

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and, therefore, denies each of the allegations.

45.     On information and belief, at least since the filing of this Complaint, Defendant Pioneer has been and now is contributing to infringement of the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Pioneer's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least its AVIC-F900BT and AVIC-F700BT in-dash navigation AV receivers, which constitute a material

part of the invention recited in one or more claims of the '599 patent, knowing the AVIC-F900BT and AVIC-F700BT in-dash navigation AV receivers to be especially made or especially adapted for use in an infringement of the '599 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Pioneer is thus liable for contributory infringement of the '599 patent pursuant to 35 U.S.C. § 271(c).

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 45 of the Complaint and, therefore, denies each of the allegations.

46.     On information and belief, Defendant Audi has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Audi's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Audi 2011 A8 with Voice Control, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Audi that infringes one or more claims of the '599 patent.  Audi is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 46 of the Complaint and, therefore, denies each of the allegations.

47.     On information and belief, Defendant BMW has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  BMW's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the BMW 2011 ActiveHybrid 750i with Voice Control System, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by BMW that infringes one or more claims of the '599 patent.  BMW is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

**ANSWER:** BMW denies that it has been or is now directly infringing the '599 patent in the

State of Texas, in this judicial district, or elsewhere in the United States.  Although BMW admits

that BMW NA distributes the BMW 2011 ActiveHybrid 750i with Voice Control System within

the United States , BMW denies that the BMW 2011 ActiveHybrid 750i with Voice Control

System, or any other product distributed, made, used, offered for sale, and/or sold by BMW, is

12

covered by one or more claims of the '599 patent. BMW is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the

Complaint and, therefore, denies each of the remaining allegations.

48. **On information and belief, Defendant Chrysler has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Chrysler's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the 2011 Jeep Grand Cherokee with Voice Command and Uconnect Media Center, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Chrysler that infringes one or more claims of the '599 patent. Chrysler is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 48 of the Complaint and, therefore, denies each of the allegations.

49. **On information and belief, Defendant Honda has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Honda's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Acura 2012 TL with Voice Control System, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Honda that infringes one or more claims of the '599 patent. Honda is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 49 of the Complaint and, therefore, denies each of the allegations.

50. **On information and belief, Defendant Mercedes has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Mercedes's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Mercedes 2010 E Class with Voice Control System, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Mercedes that infringes one or more claims of the '599 patent.**

**Mercedes is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 50 of the Complaint and, therefore, denies each of the allegations.

51.    **On information and belief, Defendant Mitsubishi has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Mitsubishi's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Mitsubishi 2011 Lancer and Outlander with FUSE Hands-free Link System, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Mitsubishi that infringes one or more claims of the '599 patent.  Mitsubishi is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 51 of the Complaint and, therefore, denies each of the allegations.

52.    **On information and belief, Defendant Nissan has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Nissan's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Infiniti 2011 M with Voice Recognition, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Nissan that infringes one or more claims of the '599 patent.  Nissan is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).**

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 52 of the Complaint and, therefore, denies each of the allegations.

53.    **On information and belief, Defendant Porsche has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Porsche's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Porsche 2011 Panamera, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Porsche**

that infringes one or more claims of the '599 patent.  Porsche is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint and, therefore, denies each of the allegations.

54.     On information and belief, Defendant Toyota has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Toyota's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the  Lexus 2011 RX 350, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Toyota that infringes one or more  claims of the '599 patent.  Toyota is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint and, therefore, denies each of the allegations.

55.     At least by filing this Complaint, Plaintiffs have given each Defendant written notice of the infringement.

**ANSWER:** BMW admits that Stragent has filed a Complaint alleging patent infringement and that filing an action for infringement constitutes notice under 35 U.S.C. § 287(a).  BMW is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint with respect to the other Defendants and, therefore, denies each of the allegations.

56.     As a result of Defendants' infringement of the '599 patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

**ANSWER:** BMW denies any act of infringement regarding the '599 patent.  BMW further denies that BMW has caused Stragent to suffer monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284 or any other harm.  BMW lacks

sufficient knowledge to admit or deny the allegations of Paragraph 56 of the Complaint as they pertain to the other Defendants and, on that basis, denies each such allegation.  BMW is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56 of the Complaint and, therefore, denies each of the remaining allegations.

## BMW'S RESPONSE TO STRAGENT'S PRAYER FOR RELIEF

BMW denies any act of infringement regarding the '599 patent.  BMW specifically denies the allegations by Stragent of direct infringement of one or more claims of the '599 patent, either literally or under the doctrine of equivalents, in the prayer for relief against BMW. BMW denies that Stragent is entitled to any form of relief at all and denies that Stragent is entitled to the relief sought in the prayer for relief.  Accordingly, the prayer by Stragent should thus be denied in its entirety with prejudice, and Stragent should take nothing.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following must necessarily be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the forgoing denials, and without prejudice to BMW's rights to plead additional defenses as discovery into the facts of the matter warrant, BMW adopts and incorporates by reference, as if set forth herein, any affirmative defense asserted by any other defendant in this action to the extent that such affirmative defense would be applicable to BMW, and BMW also asserts the following affirmative defenses:

16

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Based on BMW's current understanding of the allegations regarding the asserted patent, BMW has not and does not infringe (either literally or under the doctrine of equivalents) any claim of the '599 patent.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the asserted patent are invalid at least due to anticipation by or obviousness over the prior art.  To the extent claimed product and/or systems are allegedly practiced by BMW, those claims are invalid under 35 U.S.C. § 112.

### THIRD AFFIRMATIVE DEFENSE
### (Laches, Waiver, Acquiescence, Estoppel, and/or Statute of Limitations)

Remedies requested by Stragent under the asserted patent are barred by laches, including patent prosecution laches, waiver, acquiescence, estoppels, and/or 35 U.S.C. § 286.

### FOURTH AFFIRMATIVE DEFENSE
### (Claim Construction Estoppel)

Stragent is estopped from construing the claims of the asserted patent to cover any BMW product because representations, omissions, and/or concessions made during prosecution of the asserted patent limit the scope of the claims.

### FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Prosecution history estoppels bars Stragent from asserting infringement under the doctrine of equivalents of claims of the asserted patent and from adopting claim construction positions contrary to statements and amendments made during prosecution of the asserted patent.

## SIXTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

Stragent's claims for relief are barred by unenforceability of the patent-in-suit due to

inequitable conduct.  On April 2, 2012, BMW requested an *ex parte* reexamination of the

asserted patent in this case, U.S. Patent No. 7,953,599 ("the '599 patent").  On August 7, 2012,

the PTO issued an Office Action rejecting every claim subject to the request (that is, every claim

asserted against BMW).  In October 9, 2012 and January 26, 2013 responses to the PTO,

Stragent made arguments to the PTO fundamentally at odds with the claim construction positions

it submitted to this Court in Plaintiffs' Opening Claim Construction Brief ("Opening Brief")

(D.I. 346).  Specifically, Stragent's Opening Brief argues that the '599 patent uses the terms

"and" and "or" interchangeably, inconsistent with their ordinary meanings (thus, "and" can mean

"or"), while Stragent's responses to the PTO insist that the '599 patent uses "and" and "or" in

completely distinct ways, consistent with their ordinary meanings (thus, "and" is different from

"or").   See D.I. 359, at 1-3.  BMW[1] informed the Court of this inconsistency in its February 13,

2013 Motion for Leave to File a Sur-Reply Claim Construction Brief (D.I. 358) and

corresponding Sur-Reply (D.I. 359).  BMW's briefs notes that, as the MPEP requires patent

holders to disclose to the PTO "any assertion that is made during litigation which is

contradictory to assertions made to the examiner" (MPEP § 2000.6(c) (citing *Environ Prods.,

Inc. v. Total Containment, Inc.*, 43 USPQ2d 1288, 1291 (E.D. Pa. 1997)), Stragent must disclose

inconsistencies in legal positions before this Court and the PTO, including Stragent's

---

[1] On May 8, 2013, the Court severed Chrysler Group, LLC ("Chrysler") and Mercedes-Benz
USA, LLC ("Mercedes") from this case.  Prior to that date, BMW, Mercedes, and Chrysler filed
claim construction briefs together as co-defendants in this case, but, for simplicity, BMW will
refer to the co-defendants joint claim construction briefing from this case as "BMW's."

inconsistent Opening Brief, to the PTO.  Nonetheless, Stragent did not make any disclosure to the PTO after receiving BMW's briefs.

Despite the notice provided in BMW's briefs, Stragent has taken the position that it had no duty to disclose its Opening Brief to the PTO in its subsequent claim construction briefing (*See* Plaintiff's Opposition to Defendants' Motion For Leave to File a Sur-Reply Brief (D.I. 360)) and at the claim construction hearing itself, which occurred on February 28, 2013.  But, on March 4, 2013 Stragent *selectively* submitted to the PTO not only the Opening Brief, which contained Stragent's inconsistent statements, but also Stragent's Opposition to Defendants' Motion for Leave (D.I. 360) and Response to Defendants' Sur-Reply Brief (D.I. 362), both of which transparently attempt to justify the inconsistencies in the positions Stragent had taken. But, Stragent only submitted some of the relevant briefing, omitting relevant claim construction materials from this case (including, BMW's briefing on the very same issues and Judge Love's preliminary claim constructions).  Indeed, Stragent provided the PTO with its Opening Brief and its responses to BMW's briefs, but conspicuously and knowingly omitted all of BMW's briefs in a clear and improper attempt to sway the Examiner.

Moreover, despite the fact that this issue was predominately raised in the claim construction briefing and at the claim construction hearing, Stragent never corrected the omission.  Instead, to ensure that the PTO had the full set of claim construction papers submitted, and to address Stragent's improper attempt to influence the Examiner's consideration of the reexamination, BMW submitted all the claim construction materials from both parties to the PTO on March 20, 2013.  BMW informed the Court of the submissions two days later, on March 22, 2013.  D.I. 366.  The table below contrasts the one-sided materials Stragent submitted to the PTO against the complete set of materials (including those that Stragent intentionally omitted).

19

| Materials in Stragent's PTO Submissions – Only Its Biased Briefs | Materials Intentionally Omitted from Stragent's PTO Submissions – All Materials Adverse to Stragent's Positions |
|---|---|
| 1. Stragent's Opening Claim Construction Brief (D.I. 346) <br><br> 2. Stragent's Opposition to Defendants' Motion for Leave to File a Sur-Reply Claim Construction Brief (D.I. 360) <br><br> 3. Stragent's Response to Defendants' Sur-Reply Brief (D.I. 362) | 1. Parties' Joint Claim Construction and Prehearing Statement (D.I. 339) <br><br> 2. BMW's Responsive Claim Construction Brief (D.I. 352) <br><br> 3. BMW's Motion for Leave to File Sur-Reply Brief (D.I. 358) <br><br> 4. BMW's Sur-Reply Brief (D.I. 359) <br><br> 5. BMW's Technical Tutorial <br><br> 6. Judge Love's Preliminary Claim Constructions |

Despite BMW's corrective action in the reexamination,[2] Stragent has continued its attempts to deceive the PTO.  Specifically, on March 26, 2013, Stragent again submitted only its one-sided briefs to the PTO, this time in the prosecution of the U.S. Patent App. No. 13/090,225 (the "'225 application"), a continuation application to the '599 patent.  After learning of Stragent's continued impropriety in its dealings with the PTO, BMW informed Stragent's prosecution counsel, Patrick Caldwell (with a copy to Stragent's litigation counsel, Eric Albritton), that Stragent's continuing improper actions constituted inequitable conduct and, if Stragent did not take immediate corrective action in the prosecution of the '225 application (i.e., by submitting the **complete** set of claim construction briefing materials from both parties), it would be in violation of the ethical rules.  Stragent has since failed to respond to BMW's letter and refused to provide the PTO with the required materials.  Further, this ongoing impropriety in the prosecution of the '225 application also taints the '599 patent, augmenting BMW's

---

[2] Note that, due to the *ex parte* nature of the pending reexamination proceeding, there is no guarantee that the PTO will consider BMW's submission.

inequitable conduct assertions.[3]  *See, e.g.,  Consol. Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 808-12 (Fed.Cir. 1990) (finding that inequitable conduct during prosecution of one patent rendered three related patents equally unenforceable).

The Federal Circuit established that "[t]o prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson & Co.,* 649 F.3d 1276, 1287 (Fed. Cir. 2011) (en banc).  "Intent and materiality are separate requirements." *Id.*

As for intent, intent to deceive the PTO is established when the accused infringer proves that "the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id.* (internal citations omitted).  And even absent direct evidence of deceptive intent, specific intent to deceive is established if it is "the single most reasonable inference able to be drawn from the evidence." *Id.* (internal citations omitted).  Stragent knew of the references (the claim construction materials from this case), knew that they were material, and made a deliberate decision to withhold them from the PTO.

As for materiality, the Federal Circuit has dictated that "[t]he materiality to establish inequitable conduct is but-for materiality." *Id.* at 1291-92.  In other words, material withheld from the PTO, like the briefs that Stragent intentionally withheld here, are material, if this Court finds that the PTO would not have granted the patent (or, presumably, reversed an initial Office Action rejecting the claims in reexamination) but for the applicant's failure to disclose the briefs.

---

[3] Stragent is also actively prosecuting U.S. Patent App. No. 12/104,195 (the "'195 application"), a continuation of U.S. Patent No. 7,424,431, the parent to the '599 patent, although the PTO has not taken action on this other application since June of 2011.  Still, Stragent's duty to disclose the material claim construction briefings from this case extend to that application, and, as expected, Stragent has not submitted any information from this case in that prosecution.

*Id.* at 1296.  On remand, the district court in the *Theresense* case further explained that an omission of briefs that leads to (or would lead to) the allowance of the patent-at-issue is but-for material.  *Therasense, Inc. v. Becton, Dickinson & Co.*, 864 F. Supp. 2d 856, 860 (N.D. Cal. 2012).  And, even if the omitted information is not material, the misconduct itself is material if the applicant "deliberately planned and carefully executed scheme[s] to defraud the PTO and the court."  *Therasense,* 649 F.3d at 1287 (Fed. Cir. 2011) (internal citations omitted).

Indeed, Stragent's actions in this case, which are provided sequentially below, establish its inequitable conduct:

- December 21, 2012 – Stragent files its Opening Brief in this Court. D.I. 346.

- January 26, 2013 – Stragent submits arguments to PTO in the reexamination of the '599 patent that contradict positions in its Opening Brief.

- February 13, 2013 – BMW informs Stragent and the Court that the patent rules require Stragent to disclose its Opening Brief to the PTO because of the inconsistencies. D.I. 358 and D.I. 359.

- February 22, 2013 – Stragent claims that is has no duty to disclose its Opening Brief to the PTO and refuses to advise the PTO of the inconsistencies.  *See* D.I. 360 and D.I. 362.

- March 4, 2013 – Stragent submits its Opening Brief to the PTO in the reexamination, along with two of Stragent's additional briefs that attempt to justify its inconsistent arguments.  Stragent omits <u>all</u> of BMW's claim construction briefing and the Court's preliminary claim constructions.

- March 20, 2013 – BMW submits <u>all</u> claim constructions materials from both parties to the PTO in reexamination to correct the prejudice caused by Stragent's improper submission, although it is unclear if the PTO will accept the submission.  *See* D.I. 366.

22

- March 22, 2013 – BMW provides the Court with notice of both parties' PTO submissions.  D.I. 366.

- March 26, 2013 – Stragent again improperly submits only its one-sided briefings to the PTO, this time in the prosecution of the continuation application to the '599 patent.[4]

- April 16, 2013 – BMW informs Stragent via letter that its improper submissions in the reexamination and continuation constitute inequitable conduct and that failure to take immediate corrective actions will further violate the ethical rules.  Stragent has since failed to respond to BMW's letter and to correct its biased submissions to the PTO.

- May 24, 2013 - In a meet and confer, BMW again asks Stragent to remedy the inequitable conduct in the in the reexamination and continuation, but Stragent refuses, thus necessitating the filing of this motion for leave to assert inequitable conduct.

In the context of these actions, Stragent unquestionably intended to deceive the PTO by selectively submitting some, but not all, of the claim construction briefs to the Examiner.  As explained above, BMW informed Stragent that, because Stragent's Opening Brief containing arguments contradicting those it made to the PTO, the duty of disclosure required Stragent to submit the Opening Brief in the reexamination of the '599 patent.  But, instead of just submitting the Opening Brief, Stragent attempted to coerce the PTO into agreeing with its positions by submitting only some of the briefing (Stragent's one-sided, post hoc explanations of its contradictory arguments) and hiding the other briefing (BMW's briefs challenging Stragent's contradictory arguments) from the PTO.  There can be no other conclusion but that Stragent was attempting to deceive the PTO.

---

[4] Note that, unlike in the reexamination, there is no possible procedure for BMW to try and cure Stragent's improper and prejudicial submission in the prosecution of the continuation application by independently providing the PTO with all claim construction materials.  BMW may only remedy Stragent's improper actions by asserting inequitable conduct in this case.

Yet, Stragent's inequitable conduct did not stop there.  Despite BMW's immediate

corrective action in the reexamination – providing the PTO with all the claim construction

materials from this case and informing the court of both parties' submission (which may or may

not be considered by the PTO in the reexamination) – Stragent again chose to submit only its

biased briefs to the PTO again, this time in the prosecution of the '225 application.[5]

Stragent's repeated inequitable conduct in the face of BMW's corrective action also

evidences a "deliberately planned and carefully executed scheme[s] to defraud the PTO and the

court" that itself constitutes but-for materiality.  *Therasense,* 649 F.3d at 1287 (Fed. Cir. 2011)

(internal citations omitted).  Stragent knowingly tried to prejudice the Examiner by omitting

adverse materials from this case in its submissions to the PTO on not one, but two separate

occasions, both of which in isolation constitute inequitable conduct.  Moreover, Stragent's

second self-serving submission did not occur until after BMW painstakingly attempted to correct

prejudice caused by the first, making Stragent's action even more egregious.  Further

compounding this improper conduct, Stragent still refuses to submit all the materials from this

case to the PTO.  Thus, Stragent's intentional, repeated, and continuing attempts to influence the

PTO constitute inequitable conduct, regardless of the materiality of Stragent's omissions.

Upon information and belief, Stragent repeatedly submitted only its biased briefs, and

repeated refused to submit other material information from this case, to the PTO with an intent to

---

[5] Additionally, Stragent cannot now remedy its inequitable conduct by merely submitting the full
claim construction briefing to the PTO in the reexamination (as it is not certain if BMW's *ex
parte* submission will be considered) and in the continuation application.  Indeed, neither the
reexamination nor the continuation application can proceed unless Stragent discloses these
inequitable conduct charges to the PTO.  *See* MPEP § 2000.6(c) (Examples of material
information from related litigations that must be disclosed to the PTO include "'allegations of
'fraud,' 'inequitable conduct,' and 'violation of duty of disclosure'").

deceive and in violation of its duties of candor, good faith, and disclosure, constituting inequitable conduct.

## COUNTERCLAIMS

BMW of North America, LLC ("BMW NA"), as Counterclaimant, asserts the following counterclaims against Stragent, LLC and TAG Foundation ("Stragent").

### NATURE OF THE ACTION

1. This is a complaint for a declaratory judgment of non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

### THE PARTIES

2. BMW NA is a Delaware limited liability company that has its principal place of business located in Woodcliff Lake, NJ.

3. Upon information and belief, Stragent, LLC is a Texas limited liability company having its principal place of business in Longview, Texas.

4. Upon information and belief, TAG Foundation is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization  described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to SeeSaw, Inc. (doing business as SeeSaw Children's Place), a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Longview, Texas.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. Venue in this Court is proper because the matters alleged arise from Stragent's Complaint.

## COUNT 1
### Declaratory Judgment of Non-Infringement of the '599 Patent

7. The allegations of Paragraphs 1-6 of this Counterclaim are incorporated by reference as if fully set forth herein.

8. On May 31, 2011, Stragent filed its Complaint in this Court, charging BMW NA with infringement of U.S. Patent No. 7,953,599 ("the '599 patent").

9. The charges of infringement in the Complaint have created an actual and justiciable controversy between BMW NA and Stragent concerning whether BMW NA infringes any valid and enforceable claim of the '599 patent.

10. BMW NA has not infringed and does not infringe the '599 patent.

11. Accordingly, BMW NA is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '599 patent.

## COUNT 2
### Declaratory Judgment of Invalidity of the '599 Patent

12. The allegations of Paragraphs 1-6 and 8-9 of this Counterclaim are incorporated by reference as if fully set forth herein.

13. The claims of the '599 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. Accordingly, BMW NA is entitled to a declaratory judgment that the claims of the '599 patent are invalid.

## DEMAND FOR JURY TRIAL

Defendant BMW, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Defendant BMW, having completely and fully provided its Answer to the Complaint, prays for a final judgment against Stragent, respectfully requesting the following relief

A.  A judgment that the Complaint be dismissed with prejudice;

B.  A judgment that BMW does not and has not infringed, either literally or under the doctrine of equivalents, the claims of the asserted patent;

C.  A judgment that the claims of the asserted patent are invalid;

D.  A judgment under 35 U.S.C. § 285 awarding BMW its costs and reasonable attorney's fees expended in defending and maintaining this action; and

E.  A judgment awarding BMW such other and further relief as the Court may deem just and proper.

Respectfully submitted this 5th day of June, 2013.

By:   /s/ Lionel M. Lavenue
Lionel M. Lavenue
lionel.lavenue@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Dr.
Reston, Virginia 20190
(571) 203-2700 (telephone)

(202) 408-4400 (facsimile)


R. Benjamin Cassady
ben.cassady@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Ave., NW
Washington, D.C. 20001
(571) 203-2700 (telephone)
(202) 408-4400 (facsimile)

***Attorneys for Defendants BMW of North America,
LLC and Bayersische Motoren Werke AG***

## CERTIFICATE OF SERVICE

I hereby certify that, on June 5, 2013, BMW's First Amended Answer To Plaintiffs'

Complaint For Patent Infringement and BMW of North America, LLC's Counterclaims was

served upon counsel of record who are deemed to have consented to electronic service via the

Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served

by first class U.S. mail on this same date.


  /s/ Lionel M. Lavenue
Lionel M. Lavenue