# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| STRAGENT, LLC, *et al.*, | ) |
| | ) |
|     *Plaintiffs*, | )    C.A. No. 6:11-cv-00278-LED-JDL |
| | ) |
| v. | ) |
| | )    **JURY TRIAL DEMAND** |
| BMW OF NORTH AMERICA, LLC *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |
| | ) |

**DEFENDANTS BMW OF NORTH AMERICA, LLC'S AND BAYERISCHE MOTOREN WERKE AG'S REPLY TO STRAGENT'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER, DEFENSES, AND COUNTERCLAIMS**

**I. INTRODUCTION - STRAGENT COMMITTED INEQUITABLE CONDUCT**

After the deadline for amending a pleading to assert inequitable conduct without leave passed, Stragent serially committed acts of affirmative misconduct that render the '599 patent unenforceable. Specifically, Stragent made inconsistent arguments to the PTO from arguments to this Court, and then deliberately attempted to persuade the PTO to adopt its arguments by repeatedly submitting a purposefully-selected subset of its briefing, while knowingly omitting materials adverse to Stragent's positions. BMW repetitively offered Stragent opportunities to remedy these improper acts, but Stragent stubbornly, consistently refused, establishing an incurable pattern of inequitable conduct. Now, Stragent argues that BMW should not be allowed to allege inequitable conduct, despite clear evidence that it has deliberately defrauded the PTO. Even as of today, Stragent has only tried to remedy its misconduct in one of three PTO actions.

**II. ARGUMENT - FOR LEAVE TO AMEND, BMW NEED ONLY ESTABLISH GOOD CAUSE FOR A PLAUSIBLE CLAIM OF INEQUITABLE CONDUCT**

**A. BMW's Pleading Establishes a Plausible Claim of Inequitable Conduct**

Stragent's Opposition completely loses sight of the broad, accommodating standard for granting a motion for leave to amend pleadings and, in its painstaking attempts to defend Stragent's unjustifiable acts of inequitable conduct, focuses on the premature question whether BMW may ultimately prove Stragent's inequitable conduct. Yet, instead of the standard that Stragent seeks, motions for leave to amend follow the same standard as a motion to dismiss under Rule 12(b)(6). *Stripling v. Jordan Production Co., LLC,* 234 F.3d 863, 873 (5th Cir. 2000). Thus, a court should not deny a motion for leave to amend a complaint "unless it appears *beyond doubt* that the [movant] can prove *no set of facts* in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) (emphasis added). Despite Stragent's contrary argument, the Court need not determine which party will ultimately prevail at this stage.

1

Indeed, BMW's amended pleading needs only set forth facts that, when accepted as true, merely establish a *plausible* claim that Stragent committed inequitable conduct by either: (1) "misrepresent[ing] or omit[ing] material information with the specific intent to deceive the PTO" (*Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (en banc)); or (2) "engag[ing] in affirmative acts of egregious misconduct" by "deliberately plann[ing] and carefully execut[ing] scheme[s] to defraud the PTO and the court." *Id.* at 1292 ("This exception to the general rule requiring but-for proof incorporates elements of the early unclean hands cases before the Supreme Court, which dealt with 'deliberately planned and carefully executed scheme[s]' to defraud the PTO and the courts"). BMW's amended pleading meets both tests.

### 1. BMW's Pleading Sets Forth a Plausible Claim that Stragent "Omitted Material Information [in Various Proceedings before the PTO] with the Specific Intent to Deceive the PTO"

Stragent argues that its overdue submission of all the claim construction materials from this case on June 9, 2013 (submitted only *after* BMW filed this motion) effectively moots the materiality element of inequitable conduct as it relates to the reexamination of the '599 patent, but Stragent did *not* make the same remedial submission in the prosecution of the U.S. Patent App. Nos. 13/090,225 (the "'225 application") or 12/104,195 (the "'195 application"), the two pending applications related to the '599 patent. Therefore, BMW's allegations of materiality (i.e., whether the PTO may not grant those patents but for Stragent's failure to submit BMW's briefs and Judge Love's Preliminary Claim Construction to the PTO) remain as to these two pending applications and thus the entire patent family, including the '599 patent. *See* D.I. 381 at 21-22; *see also Therasense, Inc. v. Becton, Dickinson & Co.*, 864 F. Supp. 2d 856, 860 (N.D. Cal. 2012). And Stragent's partial attempt at a remedial submission to the PTO for one of these three PTO actions does nothing to retroactively alleviate Stragent's intent to deceive the PTO evident from its previous submissions, especially as acts of misconduct still remain unaddressed.

### 2. BMW's Pleading Sets Forth a Plausible Claim that Stragent Committed "Affirmative Acts of Egregious Misconduct" in a Scheme to Defraud the PTO

Additionally, irrespective of Stragent's belated submission in the reexamination (and irrespective of materiality), Stragent cannot cure its "affirmative acts of egregious misconduct" and its "deliberately planned and carefully executed scheme to defraud the PTO." BMW's amended pleading alleges that, after Stragent made inconsistent arguments before the PTO and this Court,[1] it intentionally "provided the PTO with its Opening Brief and its responses to BMW's briefs, but conspicuously and knowingly omitted all of BMW's briefs in a clear and improper attempt to sway the Examiner" in the reexamination. D.I. 381 at 19. BMW further alleges that "Stragent has continued its attempts to deceive the PTO" by "again submit[ing] only its one-sided briefs" in the prosecution of the continuing application. *Id.* at 20. Additionally, BMW alleges that, after BMW informed Stragent's prosecution counsel, Patrick Caldwell, of his improper actions and requested immediate remedial measures, Stragent "failed to respond to BMW's letter and refused to provide the PTO with the required materials." *Id.* Given Stragent's complete lack of response, BMW also alleges that "Stragent attempted to coerce the PTO into agreeing with its positions by submitting only some of the briefing (Stragent's one-sided, post hoc explanations of its contradictory arguments) and hiding the other briefing (BMW's briefs

---

[1] Stragent's Opening Claim Construction Brief plainly states that "the '599 patent . . . uses 'and' and 'or' interchangeably." D.I. 346 at 11. On the other hand, and as outlined in BMW's amended pleadings, Stragent argued to the PTO that "and" in the '599 patent must mean "and" and "or" must mean "or." *See also* D.I. 359. But, rather than admit this fundamental inconsistency, Stragent maintains that the simple terms "and" and "or," *even as used in the exact same claim*, are completely defined by the context of individual claim limitations. For example, even now Stragent clings to its argument that in the "initializing' element of claim 39, which depends from claim 1 and, thus, incorporates the elements of that claim, "and" means "and," but later, in the "command set" element of the *exact same claim* the word "and" means "or." *See* D.I. 388 at 8. Under this faulty logic, a term could never be inconsistent, so long as the "context" differs.

3

challenging Stragent's contradictory arguments) from the PTO." *Id.* at 23. Thus, BMW's allegations of Stragent's scheme to defraud the PTO stem not only from Stragent's omission of BMW's briefing, as Stragent mistakenly implies, but also from Stragent's plan to defraud the PTO with the improper submission of its post hoc briefs defending its inconsistent positions.[2]

The truth of these allegations by BMW ─ allegations that Stragent repeatedly, knowingly, and deliberately attempted to persuade the PTO to adopt its reading of the claims by submitting of its own one-sided claim construction briefs while also omitting of all material from this case challenging Stragent positions ─ must be accepted by the court in deciding whether to grant a motion to amend. *See Norman v. Apache Corp.,* 19 F. 3d 1017, 1021 (5th Cir. 1994) (in reviewing "a district court's dismissal of a claim on the pleadings . . . we 'accept the complaint's wellpleaded factual allegations as true.'") (citations omitted). Thus, on BMW's pleadings, because it is at least *plausible* that Stragent committed "affirmative acts of egregious misconduct" through a "deliberately planned and carefully executed scheme to defraud the PTO and the court," and, therefore, committed inequitable conduct, this Court should grant BMW's motion based on these allegations. *See Theresense,* 649 F.3d at 1292 (Fed. Cir. 2011).

### B. BMW's Attempts to Reason with Stragent Justify The 12-Day Delay

Stragent erroneously asserts that BMW "waited over three months" from "Stragent's

---

[2] Stragent notes that MPEP § 2282 generally counsels against submitting papers from litigation that contain a party's arguments to the PTO, but on the other hand, Stragent also ignores MPEP § 2001.06(c)'s mandate that a patentee disclose inconsistent statements, regardless of where the statements were made. Notably, Stragent purposefully submitted both its Opposition to Defendants' Motion for Leave to File a Sur-Reply and Response to Defendants' Sur-Reply to the PTO, yet BMW *never* alleged that those briefs needed to be submitted to the PTO under MPEP § 2001.06(c). *See* D.I. 358, 359. Stragent failure to explain why it submitted some briefs but not others further evidences Stragent's improper scheme to influence the PTO. After all, Stragent cannot claim that it merely submitted all of its briefing, because Stragent did *not* provide its Reply Claim Construction Brief to the PTO. Indeed, BMW alleges that Stragent selected a subset of its briefs, instead of simply submitting its Opening Brief, in an attempt to deceive the PTO.

incurable act of inequitable conduct" to file its motion for leave. D.I. 388 at 14. But, Stragent fails to recognize that it repeatedly skirted its duty to disclose its inconsistent statements to the PTO (*see* D.I. 358, 359), even after repeated requests from BMW to make corrections. Instead, Stragent counts only from the first in a series of deliberate acts of inequitable conduct. As shown below, BMW repeatedly asked Stragent to correct the inequitable acts, but Stragent refused, persisting in a plan to defraud the PTO and this Court. BMW did not delay, filing its motion for leave only 12 days after Stragent's rebuffed BMW's third, final explicit attempt to compromise.



### III. CONCLUSION - BMW'S MOTION FOR LEAVE SHOULD BE GRANTED

BMW's amended pleading clearly sets forth *plausible* claims that Stragent committed inequitable conduct, which is all that is needed for the Court to grant BMW's motion for leave to amend. Indeed, BMW goes far beyond merely plausible claims, alleging that Stragent concocted and executed an ongoing scheme to defraud the PTO and this Court. And, at this stage, the Court must resolve *every doubt* in BMW's favor (*Stripling*, 234 F.3d at 873 (5th Cir. 2000)), so Stragent's empty arguments that it acted in good faith in selectively submitting its self-serving materials to the PTO, and its pleas that the information it knowingly omitted from its submissions is not but-for material, do not matter. BMW's motion for leave should be granted.

5

Dated: July 5, 2013    Respectfully submitted,

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue - Lead Attorney
Virginia Bar No. 49005
lionel.lavenue@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Dr.
Reston, VA 20190
Phone: (571) 203-2700
Fax: (202) 408-4400

R. Benjamin Cassady
Virginia Bar No. 78343
ben.cassady@finnegan.com
Finnegan, Henderson, Farabow,
 Garrett & Dunner, LLP
901 New York Ave., NW
Washington, D.C. 20001
(202) 408-4000 (telephone)
(202) 408-4400 (facsimile)

Melvin R. Wilcox, III
Texas Bar No. 21454800
mrw@yw-lawfirm.com
Yarbrough & Wilcox, PLLC
100 E. Ferguson Street
Tyler, Texas 75702
(903) 595-1133 (telephone)
(903) 595-0191 (facsimile)

***Attorneys for Defendants BMW of North America, LLC and Bayersische Motoren Werke AG***

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 5th day of July, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue